UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Chad Cane,

    Plaintiff,

v.

Josh Stevenson, et al.,

    Defendants.

Court File No. 25-cv-3045 (LMP/LIB)

**ORDER**

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(A), upon Defendants' Motion to Stay Discovery, [Docket No. 54]. The Court took the motion under advisement on the parties' written submissions. (Order [Docket No. 66]).

For the reasons discussed below, Defendants' Motion to Stay Discovery, [Docket No. 54], is **GRANTED**.

### I. Background

In 2024, Cass County initiated an enforcement action against Rhonda Aho. (Defs.' Statement of the Case [Docket No. 43] at 1). Ms. Aho's home, wherein Plaintiff also resides, was in violation of several provisions of the County's land use ordinance. (Id.). Specifically, Ms. Aho did not have the proper permits to build a structure consisting of storage containers on her property. (Id.). After failed attempts to bring Ms. Aho's property into compliance, an enforcement action against Ms. Aho was brought in state court. (Id.).

Plaintiff describes Ms. Aho as his "common law" wife; they are not legally married. (Id.). Plaintiff has acknowledged that Ms. Aho is the sole owner of the at-issue property, yet he

additionally asserts that since he built and lives in the home he has a superior interest in that home under Article I, Section 12 of the Minnesota Constitution. (Id.; Compl. [Docket No. 1] at 2). Given this "superior interest," Plaintiff believes he should have been named in the original enforcement action and given the opportunity to defend his property interests. (Compl. [Docket No. 1] at 2).

Plaintiff filed his Complaint against Defendant Kuboushek, Defendant Baker, Defendant Cass County, Defendant Stevenson, and Defendant Woodford on July 29, 2025, asserting three causes of action. (See Compl. [Docket No. 1]). Count I, asserted against Defendant Kuboushek and Defendant Baker, alleges a violation of Procedural Due Process under the Fourteenth Amendment. (Id. at 4). Count II, asserted against Defendant Kuboushek, Defendant Baker, Defendant Stevenson, and Defendant Woodford, alleges Abuse of Process under color of law. (Id. at 4–9). Count III, asserted against Defendant Cass County, alleges the County's "tolerance and ratification of this pattern of constitutional enforcement . . . reflects deliberate indifference," establishing Monell liability. (Id. at 9).

On October 13, 2025, Defendant Kuboushek and Defendant Baker filed a Motion to Dismiss, [Docket No. 13]. In support of their Motion, Defendant Kuboushek and Defendant Baker asserted the following six arguments: (1) the Complaint fails to allege any facts about Defendant Baker; (2) Plaintiff lacks Article III standing; (3) Rooker-Feldman bars Plaintiff from asserting his claims; (4) Defendant Kuboushek and Defendant Baker do not qualify as state actors; (5) Defendant Kuboushek and Defendant Baker are entitled to qualified immunity if they are determined to qualify as state actors; and (6) the Court should abstain under the Younger doctrine. (Defs.' Mem. [Docket No. 56] at 4).

On October 23, 2025, Plaintiff filed a Motion to Disqualify Counsel, [Docket No. 21]. Plaintiff's Motion seeks to disqualify Attorney Dyan J. Ebert as counsel for Defendant Kuboushek

2

and Defendant Baker, given Ebert has previously provided legal services to Cass County. (See Plf.'s Mot. [Docket No. 21]). Plaintiff believes this has created a "concurrent conflict," warranting Ebert's disqualification (Id. at 3).

The Honorable United States District Court Judge Laura M. Provinzino took Defendant Kuboushek and Defendant Baker's Motion to Dismiss, [Docket No. 13], and Plaintiff's Motion to Disqualify Counsel, [Docket No. 21], under advisement on November 7, 2025. (Order [Docket No. 32]).

On November 10, 2025, Plaintiff filed a Motion to Clarify the Authority of Counsel, [Docket No. 36]. Plaintiff's Motion seeks "confirmation" that Attorney Abigail R. Kelzer has the "legal authority" to represent Defendant Cass County, Defendant Stevenson, and Defendant Woodford in this matter. (See Plf.'s Mot. [Docket No. 36]). Plaintiff argues Kelzer is required to identify the statutory, contractual, or formal authorization under which she is allowed to represent Defendant Cass County, Defendant Stevenson, and Defendant Woodford. (Id. at 1).

On November 13, 2025, Defendant Cass County, Defendant Stevenson, and Defendant Woodford filed a Motion for Judgment on the Pleadings, [Docket No. 44]. In support of their Motion, Defendant Cass County, Defendant Stevenson, and Defendant Woodford asserted the following four arguments: (1) Plaintiff's claims are barred under either the Rooker-Feldman or Younger doctrine; (2) Plaintiff lacks standing; (3) Plaintiff has failed to plead cognizable claims against Defendant Cass County, Defendant Stevenson, and Defendant Woodford; and (4) Defendant Cass County, Defendant Stevenson, and Defendant Woodford are entitled to qualified immunity. (Defs.' Mem. [Docket No. 56] at 4).

The Honorable District Court Judge Provinzino took Plaintiff's Motion to Clarify the Authority of Counsel, [Docket No. 36], under advisement on December 8, 2025. (Order [Docket No. 65]).[1]

On November 19, 2017, Defendants filed the present Motion to Stay Discovery, a supporting Memorandum, and a supporting Declaration. ([Docket Nos. 54, 56, 57]). Defendants ask the Court to stay all discovery pending the resolution of Defendant Kuboushek and Defendant Baker's Motion to Dismiss, [Docket No. 13], and Defendant Cass County, Defendant Stevenson, and Defendant Woodford's Motion for Judgment on the Pleadings, [Docket No. 44]. (See Prop. Or. [Docket No. 61]). Plaintiff filed a Memorandum in Opposition to the Motion to Stay Discovery and a supporting Declaration on December 11, 2025. ([Docket Nos. 68, 69]).

On December 16, 2025, Plaintiff filed a Motion to Compel, [Docket No. 71]. Plaintiff seeks an Order from this Court compelling Defendants Kuboushek, Baker, Cass County, Stevenson, and Woodford to respond to Plaintiff's First Set of Interrogatories and Requests for Production, which were served on October 29, 2025. (See Id.).[2] A hearing on Plaintiff's Motion to Compel has been scheduled for February 2, 2026. (Notice [Docket No. 72]).

## II. Analysis

Under Federal Rule of Civil Procedure 26(c), a party may move the Court for an order staying discovery. A court may issue such an order upon the movant's showing of good cause.

---

[1] Initially, on December 8, 2025, Judge Provinzino also took Defendant Cass County, Defendant Stevenson, and Defendant Woodford's Motion for Judgment on the Pleadings, [Docket No. 44], under advisement based on the belief that Plaintiff had not yet opposed the Motion. (Order [Docket No. 65]). Plaintiff, however, had filed his response on December 2, 2025. (Order [Docket No. 70]). Because of a docketing error, Plaintiff's opposition was not filed on the docket until December 11, 2025. (Id.). In consideration of Plaintiff's timely opposition, Judge Provinzino has granted Defendant Cass County, Defendant Stevenson, and Defendant Woodford until December 23, 2025, to file a reply. (Id.).

[2] Although the Court has issued a Pretrial Scheduling Notice and Order, [Docket No. 12], requesting the parties to meet and confer in accordance with Rule 26(f) and file and submit a Joint Rule 26(f) report, the Court has not yet issued a Pretrial Scheduling Order setting discovery deadlines.

Fed. R. Civ. P. 26(c). Whether to grant or deny a motion to stay discovery is within the court's discretion. See Lovelace v. Delo, 47 F.3d 286, 288 (8th Cir. 1995) (reviewing a ruling on a motion to stay discovery for abuse of discretion).

"Standing alone, the pendency of a dispositive motion does not establish 'good cause' to stay discovery. Instead, 'the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery.'" Corp. Comm'n. of the Mille Lacs Band of Ojibwe v. Money Ctrs. of Am., Inc., No. 12-cv-1015 (RHK/LIB), 2012 WL 12549570, *3 (D. Minn. Aug. 21, 2012) (citations omitted). In considering a motion to stay all discovery because of a pending dispositive motion, some federal district courts have "taken a 'peek' at the merits of the pending dispositive motion [and] considered the breadth of pending discovery," but "the determination is practical, and largely left to the district court's discretion." TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc., No. 13-cv1356 (ADM/FLN), 2013 WL 4487505, *2 (D. Minn. Aug. 20, 2013).

Defendants argue that this Court should stay discovery pending resolution of Defendant Kuboushek and Defendant Baker's Motion to Dismiss, [Docket No. 13], and Defendant Cass County, Defendant Stevenson, and Defendant Woodford's Motion for Judgment on the Pleadings, [Docket No. 44]. (See Defs.' Mem. [Docket No. 56]). In support of this request, Defendants assert they have established a high likelihood of success on the merits for their respective motions; allowing discovery would cause a hardship for Defendants given Plaintiff's "overly broad and highly intrusive" discovery requests; Plaintiff is unlikely to suffer any prejudice from a stay; and granting a stay of discovery would conserve judicial resources. (Id. at 3–8).

Plaintiff responds by arguing Defendants have not shown good cause to justify a stay of discovery. (See Plf.'s Mem. [Docket No. 68]). Plaintiff generally contends he has asserted "well-

5

pled, cognizable claims;" Defendants have failed to identify any burden, prejudice, or specific facts "establishing harm" that would warrant a stay on discovery; and discovery in this case is necessary and proportional.. (Plf.'s Mem. [Docket No. 68] at 3).[3]

The majority of the parties' arguments rest on their competing assessments as to the likelihood that Defendants will succeed on their pending Motions. As stated above, when faced with the question of whether to stay discovery pending resolution of a motion potentially dispositive of the case, some courts will consider the pending motion's likelihood of success. However, this Court has recognized in a prior order "the 'awkward nature' of reviewing a dispositive motion's likelihood of success because the magistrate judge is '<u>not</u> the judge who will hear and resolve' the motion and the district judge may 'take a different view of the merits.'" See Great Lakes Gas Transmission Ltd. P'ship v. Essar Steels Minn., LLC, No. 9-cv-3037 (SRN/LIB), 2012 WL 12895231, *3 (D. Minn. July 5, 2012) (citation omitted). In keeping with that recognition, this Court has previously stated that it is "'not inclined to issue an advisory opinion on a dispositive motion addressed to the district judge,'" and "'[i]n the absence of a clear and unmistakable result, this Court does not believe the issuance of a [discovery] order should depend upon its prediction of how the District Judge will decide defendants' dispositive motion.'" Id. (citations omitted).

---

[3] Plaintiff additionally argues several different points that are largely irrelevant to the pending Motion. Specifically, Plaintiff argues that: he has complied with Local Rule 7.1; Defendant Cass County did not exchange their insurance information by November 13, 2025, as ordered by the Court on October 10, 2025; Defendants factual assertions regarding the non-existence of a Pretrial Scheduling Order are false; Defendants are ignoring Plaintiff's pending motions; the Duluth hearing notice violates the conditions set in the Pretrial Scheduling Notice and Order, [Docket No. 12]; Defendants privilege arguments fail as a matter of law; "historical non-enforcement is directly related to Monell;" "Plaintiff's ultra vires theory makes the requests essential;" standing is not a Rule 26(c) factor; and Defendants did not serve responses, request an extension, or file a Rule 26(c) motion before the deadline November 28 deadline. (See Plf.'s Mem. [Docket No. 68]).

Instead, this Court previously found the most appropriate analysis to involve consideration of the totality of the circumstances, which includes:

> [T]he type of motion and whether it is a challenge as a "matter of law" or to the "sufficiency" of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.

Id. (citation omitted). In addition, Rule 1 of the Federal Rules of Civil Procedure, which directs that the Rules "be construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action," is relevant. Id. at *4. "'With Rule 1 as its prime directive, this [C]ourt must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.'" Id. (citation omitted).

Defendants argue that a balance of the relevant factors weighs in favor of granting their Motion to Stay Discovery. (See Defs.' Mem. [Docket No. 56]). However, to establish good cause for the stay, Defendants "may not rely upon 'stereotyped and conclusory statements,' but must present a 'particular and specific demonstration of fact,'" as to why this Court should grant a stay. Great Lakes Gas Transmission Ltd. P'ship, 2012 WL 12895231, at *2. It is not sufficient to make "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning.'" Id.

Turning to the totality of the circumstances in the present case, the pending Motion to Dismiss, [Docket No. 13], and Motion for Judgment on the Pleadings, [Docket No. 44], may possibly dispose of the case; the Motions are based on an alleged lack of standing, issues with the

Rooker-Feldman and the Younger doctrine, assertions of qualified immunity, and an alleged failure to sufficiently allege claims on which relief can be granted; as of yet, there are no counterclaims or cross-claims filed; and all Defendants join in the Motion to Stay. (See Defs.' Mem. [Docket No. 56]). Additionally, Defendants have argued that Plaintiff's pending requests for discovery are "overly broad and highly intrusive" and seek "information protected by the attorney/client privilege or is otherwise confidential and is not relevant to the claims advanced by Plaintiff." (Id. at 5).[4]

Considering the totality of the circumstances in the present case, the Court concludes that a stay of all discovery is largely warranted pending resolution of Defendant Kuboushek and Defendant Baker's Motion to Dismiss, [Docket No. 13], and Defendant Cass County, Defendant Stevenson, and Defendant Woodford's Motion for Judgment on the Pleadings, [Docket No. 44]. As a result, the Court will deny Plaintiff's Motion to Compel, [Docket No. 71], and will cancel the previously scheduled Motions hearing set for February 2, 2026.

Accordingly, for the reasons set forth above, Defendants' Motion to Stay Discovery, [Docket No. 54], is **GRANTED**.

## III.   CONCLUSION

For the foregoing reasons, and based on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Stay Discovery, [Docket No. 54], is **GRANTED** as set forth herein; and

2. Plaintiff's Motion to Compel, [Docket No. 71], is **DENIED** without prejudice.

---

[4] Although the discovery requests submitted by Plaintiff are broad, Defendants' conclusory allegations that the requests would cause a hardship do not, in and of themselves, justify the issuance of a stay of all discovery. See Great Lakes Gas Transmission Ltd. P'ship, 2012 WL 12895231, at *5.

8

Dated: December 22, 2025            s/Leo I. Brisbois
                                    Leo I. Brisbois
                                    U.S. MAGISTRATE JUDGE