# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

CHAD CANE,

Plaintiff,

v.

JOSH STEVENSON, JEFF
WOODFORD, JASON KUBOUSHEK,
EMMA BAKER, *in their individual
capacities*; and CASS COUNTY,

Defendants.

Case No. 25-cv-3045 (LMP/LIB)

**ORDER**

Chad Cane, pro se.

Abigail Rose Kelzer and Maxwell Scott Blosser, **Squires Waldspurger & Mace, P.A., Minneapolis, MN**, for Defendants Josh Stevenson, Jeff Woodford, and Cass County.

Dyan J. Ebert, **Resolute Law LLC, St. Cloud, MN**, for Defendants Jason Kuboushek and Emma Baker.

Plaintiff Chad Cane alleges that his property was "affect[ed]" by a "land use enforcement proceeding" brought by Defendants Cass County, Cass County Administrator Josh Stevenson, Cass County Environmental Services Director Jeff Woodford, and two private attorneys hired by the County: Jason Kuboushek and Emma Baker. *See generally* ECF No. 1. Kuboushek and Baker move to dismiss the claims against them, ECF No. 13, and Cass County, Stevenson, and Woodford move for judgment on the pleadings, ECF No. 44. Cane opposes both motions. ECF Nos. 24, 67. In addition, Cane moves to disqualify Kuboushek's and Baker's attorney, Dyan Ebert, ECF No. 21, and asks the Court to "clarify [the] authority" of Cass County's attorney, Abigail R. Kelzer, to appear in this

1

matter, ECF No. 36.  For the following reasons, the Court denies Cane's motions, grants

Defendants' motions, and dismisses the complaint without prejudice.

## BACKGROUND

Cane built and resides in a home on a parcel of land in Cass County, Minnesota.

ECF No. 1 ¶ 8.  It appears from Cane's pleadings that the land on which the home is located

is owned by a different person, Rhonda Aho.  ECF No. 1-1 at 23.  Cane alleges that Cass

County—represented by private attorneys Kuboushek and Baker—brought a "land use

enforcement proceeding affecting [his] property."  ECF No. 1 ¶ 9.  Cane does not explain

how the land-use enforcement action "affected" his property.  *See id.* ¶ 10 (alleging that the

enforcement proceeding "impact[ed] the property"); *id.* ¶ 25 (alleging that the enforcement

proceeding led to "orders that affect [Cane's] home"); *id.* ¶ 56 (alleging that Cane is the

"builder, occupant, and person impacted by the enforcement order"); *id.* ¶ 57 (alleging that

Defendants secured court orders that "affect [Cane's] rights and property").  However,

based on exhibits filed by Kuboushek and Baker, it appears that Cass County (through

Kuboushek and Baker) brought an enforcement action against Aho because she did not

obtain permits for the placement of six storage containers and a solar panel on her property.

ECF No. 16-1 at 4; ECF No. 46-3 at 4.[1]  Aho objected to the enforcement action on the

---

[1]    Cane objects to the Court's consideration of these exhibits, ECF No. 24 at 3; ECF
No. 67 at 2, but because Defendants raise a factual attack to subject-matter jurisdiction,
ECF No. 15 at 7; ECF No. 45 at 10–12, the Court may consider these exhibits in confirming
its own subject-matter jurisdiction, *see Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908
(8th Cir. 2016).  Moreover, each of these exhibits is either a brief or an order from a
Minnesota state court proceeding, and courts "may take judicial notice of judicial opinions
and public records." *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

grounds that Cane was not joined as a party. ECF No. 1-1 at 15–19. On January 28, 2025, a Minnesota state court entered summary judgment in favor of Cass County, requiring Aho to bring her property into compliance with Cass County's zoning ordinances within 30 days. ECF No. 16-1 at 3–8; ECF No. 46-3 at 3–8. Although the state court order did not require removal of the storage containers, the order allowed Cass County officials to enter Aho's property and the storage containers. ECF No. 16-1 at 7–8; ECF No. 46-3 at 7–8.

Aho appealed the state court order, arguing again that the state court lacked jurisdiction over the enforcement proceeding because it failed to join Cane as a party. ECF No. 16-3 at 4–5. On October 13, 2025, the Minnesota Court of Appeals affirmed the state court order. *See Cass County v. Aho*, No. A25-0492, 2025 WL 2902154, at *1 (Minn. Ct. App. Oct. 13, 2025). As to Aho's argument that Cane was a necessary party to the enforcement proceedings, the Court of Appeals explained that "Cass County's ordinance imposes the duty to apply for permits on the 'landowner or their agents with the landowner's written consent,' not mere occupants." *Id.* at *2 (citation omitted). Because it was undisputed that Aho was the "sole owner" of the land, the Court of Appeals "discern[ed] no error in the district court's determination that [Cane] is not an indispensable party to this action."[2] *Id.*

---

[2] On October 30, 2025, Aho sought review by the Minnesota Supreme Court of the Court of Appeals's decision. *See* Petition for Review, *Cass County v. Aho*, No. A25-0492 (Minn. filed Oct. 30, 2025). The Minnesota Supreme Court denied the petition for review on December 17, 2025. *See* Order, *Cass County v. Aho*, A25-0492 (Minn. Dec. 17, 2025).

In this federal lawsuit, Cane brings three claims. *First*, he alleges a Section 1983 claim against all Defendants, alleging that Defendants deprived him of his property rights without procedural due process by failing to join him in the enforcement action. *Id.* ¶¶ 9, 11, 23–26. Specifically, Cane alleges a property interest in Aho's property under Article I, Section 12 of the Minnesota Constitution. *Id.* ¶ 8. *Second*, Cane brings an abuse-of-process claim under Section 1983 against Stevenson, Woodford, Kuboushek, and Baker. *Id.* ¶¶ 27–73. *Third*, Cane brings a *Monell* claim against Cass County, alleging that it maintains an unconstitutional practice of bringing land-use enforcement actions to intimidate and retaliate against residents. *Id.* ¶¶ 12–19, 74–80.

Kuboushek and Baker move to dismiss the claims against them, ECF No. 13, and Cass County, Stevenson, and Woodford move for judgment on the pleadings, ECF No. 44. Cane opposes both motions. ECF Nos. 24, 67. In addition to opposing Defendants' motions, Cane moves to disqualify Ebert, Kuboushek's and Baker's attorney. ECF No. 21. Cane states that Ebert has previously represented Cass County in unrelated matters and argues that Ebert's current representation of Kuboushek and Baker constitutes a conflict of interest given Ebert's past representation of Cass County. *Id.* Cane does not allege that he has ever been Ebert's client, *see generally id.*, and Cass County has not objected to Ebert's representation of Kuboushek and Baker.

Cane also filed a motion requesting the Court to "clarify [the] authority" of Kelzer to serve as Cass County's attorney. ECF No. 36. Cane suggests that Kelzer has not been validly appointed to serve as Cass County's attorney in this action. *Id.* at 1–3. Cane does not allege that he has ever been Kelzer's client.

4

## ANALYSIS

### I.    Cane's Motions Regarding Opposing Counsel

Cane argues that Ebert must be disqualified as Kuboushek's and Baker's counsel because of her "present, non-waivable conflict of interest" arising from her past representation of Cass County.  *See* ECF No. 21.  Attorney disqualification is committed to the discretion of the court.  *Jenkins ex rel. Agyei v. Missouri*, 931 F.2d 470, 484 (8th Cir. 1991).  Because of the potential for abuse by opposing parties, "disqualification motions should be subjected to particularly strict judicial scrutiny."  *Harker v. Comm'r of Internal Revenue*, 82 F.3d 806, 808 (8th Cir. 1996) (citation omitted) (internal quotation marks omitted).  "A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary."  *Macheca Transp. Co. v. Phila. Indem. Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) (citation omitted).

Courts in this Circuit recognize that "[o]nly clients or former clients generally have standing to seek disqualification based on a conflict of interest."  *Der v. Connolly*, No. 08-cv-6409 (PJS/JJG), 2009 WL 10687762, at *6 (D. Minn. Dec. 1, 2009); *see FDIC v. Amundson*, 682 F. Supp. 981, 987 (D. Minn. 1988); *Black v. Missouri*, 492 F. Supp. 848, 861 (W.D. Mo. 1980).  Cane does not assert that he is either a current or former client of Ebert, so as a general rule, Cane lacks standing to seek Ebert's disqualification.  And while a party may also show standing by demonstrating "he will be prejudiced by the conflicted representation" or "when there is a perceived threat to the fairness of the proceeding because the conflicted parties are not aware of or are unable to appreciate the seriousness

and injustice of the conflict," *Adams v. Best W. Int'l, Inc.*, 8:24-cv-102, 2025 WL 1359007, at \*4 (D. Neb. May 9, 2025) (citation omitted) (internal quotation marks omitted), Cane neither argues for nor demonstrates either.  In fact, the parties who would have standing to seek disqualification—Kuboushek, Baker, and Cass County—are all parties to this litigation, and none of them has objected to Ebert's representation of Kuboushek and Baker. Because Cane lacks standing to seek Ebert's disqualification, his motion to disqualify counsel is denied.

Similarly, Cane suggests that Kelzer does not have authority to act as Cass County's attorney in this matter.  ECF No. 36.  But again, Cane has not asserted that he is either a former or current client of Kelzer.   Accordingly, Cane lacks standing to seek disqualification or clarification of Kelzer's representation of Cass County.  *See Der*, 2009 WL 10687762, at \*6.  Therefore, Cane's motion to "clarify" Kelzer's authority to represent Cass County is also denied.

## II.     Motion To Dismiss and Motion for Judgment on the Pleadings

Kuboushek and Baker seek dismissal under Federal Rule of Civil Procedure 12(b)(6), ECF No. 10 at 5–6, while Cass County, Stevenson, and Woodford move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), ECF No. 45 at 5. The Court evaluates these motions under the same standard.  *See Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022).  At this stage of the proceedings, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party."  *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) (citation omitted); *see Gorog v. Best Buy*

6

*Co.*, 760 F.3d 787, 792 (8th Cir. 2014).  But the complaint nevertheless must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted).  A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court is limited to reviewing the complaint, exhibits attached to the complaint whose authenticity is unquestioned, documents "necessarily embraced by the complaint," and "matters of public record."  *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (citations omitted); *see Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).  Because Cane is proceeding pro se, the Court is mindful to liberally construe his filings.  *See Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024).

Defendants also raise jurisdictional challenges to Cane's complaint.  ECF No. 15 at 9–18; ECF No. 45 at 8–14.  A defendant may raise either a "facial" or a "factual" challenge to a court's subject-matter jurisdiction under Rule 12(b)(1).  *Scott v. UnitedHealth Grp., Inc.*, 540 F. Supp. 3d 857, 861 (D. Minn. 2021).  On a facial challenge, "the court restricts itself to the face of the pleadings" and "the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).  By contrast, in a factual attack, "the court considers matters outside the pleadings."  *Id.*  In the latter case, the party asserting federal jurisdiction must establish the existence of subject-matter jurisdiction by a preponderance of the evidence, *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018), and the non-moving party's factual allegations are not entitled to any presumption

of truth, *Osborn*, 918 F.2d at 729 n.6.  Because the parties offer evidence outside of the pleadings in challenging the Court's subject-matter jurisdiction, *see* ECF No. 15 at 9–18; ECF No. 45 at 12, the Court construes the motions to raise a factual attack to subject-matter jurisdiction.

### a.        Lack of Subject-Matter Jurisdiction

#### i.        Standing

"Federal court jurisdiction is restricted to cases and controversies." *Missouri v. Yellen*, 39 F.4th 1063, 1067 (8th Cir. 2022) (citation omitted) (internal quotation marks omitted).  "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  To meet the "irreducible constitutional minimum" required to establish standing, a plaintiff has the burden to show three elements: "(1) the plaintiff suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Arc of Iowa v. Reynolds*, 94 F.4th 707, 710 (8th Cir. 2024) (quoting *Spokeo*, 578 U.S. at 338).  The standing inquiry is not "an assessment of the merits of a plaintiff's claim," and in assessing standing the Court assumes that "on the merits the plaintiff[] would be successful." *Am. Farm Bureau Fed'n v. EPA*, 836 F.3d 963, 968 (8th Cir. 2016) (citations omitted).

#### 1.        Cane Lacks Standing To Sue Baker

Although Cane names Baker as a Defendant and identifies her as an attorney for Cass County in the land-use enforcement action, ECF No. 1 ¶¶ 6, 10, 55, the complaint contains no factual allegations about what misconduct Baker is alleged to have committed.

8

Because Cane identifies no "challenged conduct" committed by Baker, he necessarily cannot show an injury traceable to Baker's nonexistent conduct. *Arc of Iowa*, 97 F.4th at 710. All claims against Baker are therefore dismissed.

### 2.      Cane Has Standing To Sue the Remaining Defendants

The remaining defendants argue that Cane lacks standing to bring claims against them because he is not the title owner of the property that is subject of the enforcement action. ECF No. 15 at 10–14; ECF No. 45 at 10–13. Specifically, they argue that Cane has not demonstrated an injury-in-fact, asserting that the "lack of [Cane's] legal interest in the property negates any claim premised on an alleged right to use and enjoy the property." *Id.* at 11; *see* ECF No. 45 at 10–13.

Defendants put the cart before the horse because their argument is really one on the merits. But the standing inquiry is not "an assessment of the merits of a plaintiff's claim," and in assessing standing the Court assumes that "on the merits the plaintiffs would be successful." *Am. Farm Bureau Fed'n*, 836 F.3d at 968; *see Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009) ("It is crucial . . . not to conflate Article III's requirement of injury in fact with a plaintiff's potential causes of action, for the concepts are not coextensive."). Cane's claim is that he had a property interest in Aho's land and the structures on the land under the Minnesota Constitution and that, therefore, he was a necessary party to be joined in the enforcement action brought by Kuboushek. *See* ECF No. 1 ¶¶ 8–9. Assuming that claim is meritorious, the injury that results from Defendants' pursuit of the enforcement action is the interference with Cane's "right to exclude" others from the land, *Byrd v. United States*, 584 U.S. 395, 405 (2018) (citation omitted), given

9

that the state court's order allowed Cass County officials to enter Aho's land and structures as they please, ECF No. 16-1 at 8. The interference with one's property interest is a cognizable injury for standing purposes. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). Whether Cane actually has any property interest in Aho's land or the structures on the land—and whether, based on that purported property interest, Cane was constitutionally required to be joined as a party in the enforcement action—are merits questions which are not part of the standing analysis.

### ii.    The *Rooker-Feldman* Doctrine Does Not Apply

Defendants next argue that the Court lacks jurisdiction over Cane's claims under the *Rooker-Feldman* doctrine. ECF No. 15 at 14–18; ECF No. 45 at 8–10. A federal court lacks subject-matter jurisdiction over a case if that case is barred by the *Rooker-Feldman* doctrine.[3] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005). That is because "only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment." *Dodson v. Univ. of Ark. for Med. Scis.*, 601 F.3d 750, 754 (8th Cir. 2010) (citation omitted) (internal quotation marks omitted). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

---

[3]    The doctrine is named for the two U.S. Supreme Court cases articulating its contours: *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

10

commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284.

Although this case smacks of *Rooker-Feldman*—in that Cane essentially seeks federal court review and rejection of the state court's decision that he was not a necessary party to the land-use enforcement action—the doctrine does not apply here because, as Cane correctly points out, he was not a party to the enforcement action in state court. *See Lance v. Dennis*, 546 U.S. 459, 464 (2006) ("*Rooker-Feldman* [is] inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding."). Rather, only Aho was party to the enforcement action. *See* ECF No. 16-1 at 1. Kuboushek argues that Cane was in "privity" with Aho, ECF No. 30 at 7–8, but he does not cite any authority explaining why that fact, if true, matters in the *Rooker-Feldman* analysis. Accordingly, *Rooker-Feldman* may not be used to bar Cane's claims.

**b.    Failure To State a Claim**

**i.    Count I: Procedural Due Process Claim**

Cane alleges that Defendants deprived him of a property interest in Aho's property when they pursued the land-use enforcement action without joining him as a party. ECF No. 1 ¶¶ 8–9, 11, 23–26. To plausibly allege a deprivation of procedural due process in violation of the Fourteenth Amendment, "a plaintiff must show that he has been deprived of a constitutionally protected life, liberty or property interest." *Davenport v. Univ. of Ark. Bd. of Trs.*, 553 F.3d 1110, 1114 (8th Cir. 2009). When analyzing procedural due process claims, the Court first asks whether there is a constitutionally protected liberty or property interest. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). If such an interest

11

exists, the Court then asks whether the procedures used in the deprivation of that interest were constitutionally sufficient.  *Id.*

Cane alleges only one purported property interest at stake: a "superior interest" in Aho's property pursuant to Article I, Section 12 of the Minnesota Constitution.  ECF No. 1 ¶ 8.  That provision of the Minnesota Constitution provides, in full:

> No person shall be imprisoned for debt in this state, but this shall not prevent the legislature from providing for imprisonment, or holding to bail, persons charged with fraud in contracting said debt.  A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law.  Provided, however, that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair or improvement of the same, and provided further, that such liability to seizure and sale shall also extend to all real property for any debt to any laborer or servant for labor or service performed.

It is wholly unclear how this provision of the Minnesota Constitution grants Cane a "superior interest" in Aho's property or the structures on that property.  This provision relates to limiting the power of the state to seize certain property to repay debt, such as through a homestead exemption.  *See In re Haggerty*, 448 N.W.2d 363, 364 (Minn. 1989).  Cane does not allege, however, that any of his property has been seized to repay a debt nor that he has a homestead exemption in Aho's property (or that any such homestead exemption has been interfered with).  Accordingly, Cane has not plausibly alleged the existence of a constitutionally protected property interest, which dooms his procedural due process claim.  *See Thompson*, 490 U.S. at 460.

This holding disposes of Cane's claim against Cass County, Stevenson, and Woodford, as they sought outright dismissal of this claim.  ECF No. 45 at 14–16.  However,

Kuboushek only sought qualified immunity on this claim. ECF No. 15 at 22–24. "Under the doctrine of qualified immunity, a court must dismiss a complaint against a government official in his individual capacity that fails to state a claim for violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity analysis requires a two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Nord v. Walsh County*, 757 F.3d 734, 738 (8th Cir. 2014) (citation omitted) (internal quotation marks omitted). Unless both questions are answered affirmatively, qualified immunity applies. *Id.*

The Court recognizes that Cane requests injunctive and declaratory relief, ECF No. 1 at 9–10, and that qualified immunity does not ordinarily apply to requests for injunctive and declaratory relief, *see Grantham v. Trickey*, 21 F.3d 289, 295 (8th Cir. 1994). However, the Court has answered the qualified immunity question on the first step by finding no constitutional violation. Accordingly, "[a]lthough declaratory and injunctive relief are not affected by the defense of qualified immunity, because this court concludes qualified immunity applies and that no constitutional violation was demonstrated, that conclusion also defeats [Cane's] claims for declaratory and injunctive relief." *See Stanko v. South Dakota*, No. 5:18-cv-05088-KES, 2019 WL 10890199, at *11 (D.S.D. June 11, 2019); *see Ambrose v. Young*, 474 F.3d 1070, 1077 n.3 (8th Cir. 2007) (explaining that if a claim fails on the first step of the qualified-immunity analysis, then the "plaintiff's claim

13

fails as a matter of law because plaintiff did not prove an essential element of the § 1983 claim"); *Falls v. Nesbitt*, 966 F.2d 375, 380 (8th Cir. 1992) (explaining that injunctive relief is inappropriate without a showing of a constitutional violation).[4]   Accordingly, the procedural due process claim is dismissed in its entirety.

### ii.    Count II: Abuse of Process Under Section 1983

Cane alleges that Defendants' actions to "secur[e] a state-court judgment" and "prosecut[e] an improper action that excluded" him constitutes abuse of process under Section 1983.  ECF No. 1 ¶¶ 27–73.  As an initial matter, the Eighth Circuit has not recognized an "abuse of process" claim under Section 1983.  *See Fagnan v. City of Lino Lakes*, 745 F.3d 318, 324 n.5 (8th Cir. 2014).  However, to the extent such a theory of liability exists, Cane would still need to demonstrate that any abuse of process deprived him of his constitutional rights.  *See Cameo Convalescent Ctr., Inc. v. Senn*, 738 F.2d 836, 845 (7th Cir. 1984); *Cramer v. Crutchfield*, 648 F.2d 943, 945 (4th Cir. 1981); *Kleiss v. Short*, 805 F. Supp. 726, 727 (S.D. Iowa 1992).  Holding otherwise would transform every state-law abuse of process claim into a constitutional claim, which would run counter to Section 1983's textual limitation to remedy "the deprivation of any rights, privileges, or immunities secured by the *Constitution*."  42 U.S.C. § 1983 (emphasis added).

---

[4]    In any event, Cane's request for injunctive and declaratory relief against Kuboushek would be destined for dismissal, since Kuboushek is sued only in his individual capacity, ECF No. 1 ¶ 6, and injunctive and declaratory relief is unavailable against state actors sued under Section 1983 in their individual capacities, *see Hummel v. Minn. Dep't of Agric.*, 430 F. Supp. 3d 581, 593, 593 n.5 (D. Minn. 2020); *Chilcoat v. San Juan County*, 41 F.4th 1196, 1214 (10th Cir. 2022) ("Under § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief.").

As best the Court can tell, the only deprivation of constitutional rights that Cane alleges is a deprivation of a property interest in Aho's property, in violation of Cane's due process rights. *See, e.g.*, ECF No. 1 ¶ 57 (alleging that Defendants' conduct "affect[ed] Cane's rights and property"); *id.* ¶ 58 (alleging that Defendants' conduct "suppress[ed] due process"); ECF No. 67 at 4 (arguing that Defendants' conduct "alter[ed] Plaintiff's property rights").[5] But as explained above, Cane has not plausibly alleged that he has a property interest in Aho's property. Accordingly, without a property interest in Aho's property, Cane cannot demonstrate a procedural due process violation resulting from any land-use enforcement action. And because Cane does not show a due process violation (or any other constitutional violation), his abuse of process claim under Section 1983 must be dismissed.[6]

### iii. Count III: *Monell* Claim

Finally, Cane brings a *Monell* claim against Cass County, alleging that it maintains an unconstitutional custom of bringing land-use enforcement actions to intimidate and retaliate against residents. *Id.* ¶¶ 74–80. A municipality cannot be held liable for a

---

[5] Cane also suggests in passing that Defendants' conduct was taken "to foreclose Plaintiff's ability to pursue federal constitutional claims." ECF No. 1 ¶¶ 22, 73. It is wholly unclear what type of constitutional violation Cane is alleging here, so the Court need not consider it. *See Iqbal*, 556 U.S. at 681 (explaining that conclusory allegations are "not entitled to be assumed true"). More to the point, the fact that Cane is pursuing federal constitutional claims in this lawsuit renders implausible his allegation that he has been foreclosed from raising those claims.

[6] Again, although Kuboushek only sought qualified immunity on the Section 1983 abuse of process claim, ECF No. 15 at 22–24, because Cane has not alleged a constitutional violation necessary to support an abuse of process claim under Section 1983, that claim must be dismissed against Kuboushek in its entirety.

constitutional violation under Section 1983 solely because it employs a tortfeasor.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).   Rather, under *Monell*, "[l]iability for a constitutional violation will attach to a municipality only if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee."  *Bolderson v. City of Wentzville*, 840 F.3d 982, 985 (8th Cir. 2016).  However, "for municipal liability to attach, individual liability first must be found on an underlying substantive claim."  *Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007) (citation omitted).  Because the Court has dismissed all of Cane's constitutional claims against the individual Defendants, the Court must likewise dismiss the *Monell* claim against Cass County.  *See id.*; *Stearns v. Wagner*, 122 F.4th 699, 704 (8th Cir. 2024) ("Because [plaintiff's] constitutional rights were not violated, his *Monell* claim fails.").

## CONCLUSION[7]

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Cane's Motion to Disqualify Counsel (ECF No. 21) is **DENIED**;

2.  Cane's Motion to Clarify Authority of Counsel to Appear on Behalf of Cass County (ECF No. 36) is **DENIED**;

3.  Kuboushek's and Baker's Motion to Dismiss (ECF No. 13) is **GRANTED**;

---

[7]   Because the Court has concluded that the complaint fails to state a claim on which relief can be granted, the Court need not address Defendants' argument that the Court should abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). ECF No. 15 at 24–27; ECF No. 45 at 6–8.

4.      Cass County's, Stevenson's, and Woodford's Motion for Judgment on the Pleadings (ECF No. 44) is **GRANTED**; and

5.      The complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 10, 2026                  *s/Laura M. Provinzino*
                                        Laura M. Provinzino
                                        United States District Judge